IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE EVERETT WELCH,

      Petitioner,                      No. CIV S-11-0036 DAD P

    vs.

BRIAN McCARVILLE, et al.,

      Respondents.                ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with the court's March 15, 2011 order, petitioner has filed an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**PRELIMINARY SCREENING**

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may

1

dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

**BACKGROUND**

On January 4, 2011, petitioner commenced this action by filing a petition for writ of habeas corpus. Therein, he challenges an order of the San Bernardino County Superior Court requiring him to pay restitution in connection with a criminal proceeding in that court. According to petitioner, he is unable to pay restitution because the California Department of Corrections and Rehabilitation will not give him a job due to his medical problems. (Pet. at 5.)

**ANALYSIS**

This court lacks jurisdiction to review petitioner's application for a writ of habeas corpus. Federal jurisdiction over a habeas petition arising from a state court judgment is limited to persons "in custody" pursuant to that judgment. See § 28 U.S.C. § 2254(a). Where, as here, a petitioner challenges only a restitution order, the fact that the petitioner is in prison does not create federal court jurisdiction to review that order. See Bailey v. Hill, 599 F.3d 976, 984 (9th Cir. 2010) (holding that "§ 2254(a) does not confer jurisdiction over a habeas corpus petition raising an in-custody challenge to a restitution order."). Accordingly, this habeas action will be dismissed.

/////
/////
/////
/////
/////
/////
/////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED:

1. Petitioner's motion to proceed in forma pauperis (Doc. No. 6) is granted;

2. Petitioner's application for a writ of habeas corpus (Doc. No. 1) is dismissed; and

3. This action is closed.

DATED: April 27, 2011.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
welc0036.156